*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF YOUNG HOMRICH, by DANI
HOMRICH, Personal Representative,

UNPUBLISHED
September 24, 2020

        Plaintiff-Appellant,

v

No. 346583
Oakland Circuit Court
LC No. 2018-162962-NI

SELECTIVE INSURANCE COMPANY OF
AMERICA,

        Defendant,

and

CHRISTOPHER FOLTS, TRADD VAUTER, and
MARLA VAUTER,

        Defendants-Appellees.

Before: RIORDAN, P.J., and O'BRIEN and SWARTZLE, JJ.

SWARTZLE, J. (*concurring in part, dissenting in part*)

I concur with most of my colleagues' reasoning and conclusions. Specifically, I agree that there is no genuine issue of fact on whether Christopher Folts drove negligently—he did not. Moreover, I agree that the work-product doctrine shields the recorded statement of Robert Gudenau. My only disagreement is with respect to the claims against Tradd Vaulter (and by extension Marla Vauter). As the majority recognizes, there are factual disputes on whether Tradd should have noticed the flashlights, mirror in the road, and hazard lights, and had he noticed these warnings, whether he should have slowed down rather than veer his vehicle into the victim.

These factual questions would ordinarily require the denial of summary disposition, but the majority concludes that the victim was 100% at fault for *both* the initial collision with Folts and the subsequent collision with Tradd. I depart from my colleagues by concluding that this apportioning fault between the victim and Tradd is a factual issue. If I were sitting on a jury, then I might agree that the victim was more than 50% at fault for the collisions that tragically resulted

-1-

in her death, but as to Tradd, I believe that this is a factual question properly left to the finder of fact. See *Bradford v Wurm*, 610 F Supp 2d 835, 846 (ED Mich, 2009) (applying Michigan law).

For these reasons, I respectfully concur in part and dissent in part.


/s/ Brock A. Swartzle